IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **PETER GAKUBA, M52946** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-00277-SMY |
| | ) |
| **MATTHEW SWELLS,** | ) |
| **SARAH ROBERTSON,** | ) |
| **SIERRA LANE,** | ) |
| **MICHELLE MORGAN,** | ) |
| **KIMBERLY BIRCH,** | ) |
| **PENNY GEORGE,** | ) |
| **ROB JEFFREYS,**[1] | ) |
| **TRAVIS BAYLER,** | ) |
| **and CARLA TOLBERT,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Peter Gakuba, an inmate of the Illinois Department of Corrections currently incarcerated at Vienna Correctional Center ("Vienna"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims Defendants violated his rights under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* and the Rehabilitation Act ("RA"), 29 U.S.C. § 701, *et seq.*; were deliberately indifferent to his serious medical needs; violated his equal protection rights by denying him a transfer for medical reasons; subjected him to medical malpractice, negligence, and intentional infliction of emotional distress;

---

[1] The Court takes judicial notice that the correct spelling of the Director of the Illinois Department of Corrections' name is Rob Jeffreys. *See* https://www2.illinois.gov/idoc/aboutus/Pages/director.aspx; *Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases). The Clerk shall be directed to correct the name on the Court's docket sheet, and the corrected name is used herein.

1

denied him access to the courts; conspired to violate his rights; and denied him due process. He seeks monetary damages and injunctive relief. (Doc. 1, p. 7).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in his Complaint: He has autism/Asperger's syndrome, is susceptible to heat stroke/heat exhaustion, has periocular skin nevus which affects his face and eyes and makes him sensitive to sun and heat, has a seafood allergy, and suffered a serious back injury resulting in chronic back pain and mobility restrictions. (Doc. 1, pp. 9-10). These conditions are well documented in his prison medical records going back to July 2015.

Plaintiff suffered heat stroke/exhaustion and chest pains on September 10, 2019 after he was ordered to carry a 140-pound load up 2 flights of stairs in 95-degree heat. He was brought to the air-conditioned infirmary where an EKG confirmed he had not suffered a heart attack. After 24 hours in the air-conditioned area, he was returned to the "broiling heat" of his cell. (*Id.*, pp. 9-10).

From September 12, 2019 to October 3, 2019, Plaintiff submitted at least 9 emergency sick call requests seeking relief from the heat and from shortness of breath and congestion related to respiratory allergies. Penny George (Director of Vienna's Health Care Unit) was aware of Plaintiff's medical conditions yet deliberately ignored his sick call requests.

Dr. Kimberly Birch met with Plaintiff on October 4, 2019 and refused to approve his request to transfer to a prison that had air conditioning because the weather had cooled. In Summer 2018, Dr. Birch or George had approved a transfer for another prisoner with heat sensitivity. (*Id.*, p. 10). Dr. Birch refused to prescribe Plaintiff a decongestant because of the risk of high blood pressure, despite the fact that Plaintiff has low blood pressure.

Plaintiff had been given a permanent medical permit for a bottom bunk, an extra foam pad for his mattress, mobility and lifting restrictions, job exemption, and pain treatment in 2016. (*Id.*, p. 10). These permits were honored at two previous prisons. Dr. Birch disagreed with the permits, but extended Plaintiff's bottom bunk and medical exemption from work for a year. (*Id.*, p. 11). Dr. Birch did nothing about his "wafer-thin 'mattress'" other than offering him more potent pain medication. This thin mattress is atop a steel slab and this sleeping arrangement causes back and neck pain because of his prior injury. (*Id.*, p. 14).

Plaintiff has a large quantity of legal documents related to his efforts dating back to 2015 to overturn his convictions. These were stored in 14 boxes weighing 40 pounds each, but many documents were lost or destroyed when Plaintiff was transferred to Vienna in 2019. The remaining boxes are kept in the Vienna property building 2 blocks away from Plaintiff's cell. (*Id.*, p. 11). Plaintiff cannot lift or carry these boxes due to his back condition, and is only able to access them once per week for up to 30 minutes. Vienna officials (unidentified) will not allow him to sort and reorganize the remaining documents.

Plaintiff filed emergency grievances over his ADA claims in September 2019, but Warden Matthew Swells deemed them non-emergency. Plaintiff resubmitted them as regular grievances and they were denied by Counselor Sierra Lane, Grievance Officer Sarah Robertson, and Administrative Review Board Director Travis Bayler. (*Id.*, pp. 11-12).

Plaintiff filed an earlier lawsuit (*Gakuba v. Swells, et al.*, Case No. 19-cv-1081-SMY) which included some of the claims asserted in this lawsuit.[2] Michelle Morgan (ADA Coordinator) filed a document in that case falsely declaring that Plaintiff has no disabilities despite the extensive documentation of his conditions in his medical records. In another document filed in that case, Dr. Birch falsely declared that Plaintiff had no history of heat stroke/exhaustion, when his medical records documented this problem dating back to 2015. Illinois Assistant Attorney General Carla Tolbert suborned perjury by preparing and filing these documents for Morgan and Dr. Birch. (*Id.*, p. 13).

Based on the allegations in the Complaint, the Court finds it convenient to organize the claims in this *pro se* action into the following Counts:

> **Count 1:** **ADA and RA claim against Swells, Robertson, Lane, Morgan, Dr. Birch, George, Jeffreys, and Bayler for ignoring Plaintiff's physical/mental disabilities by denying him permanent medical permits for bottom bunk and relief from job assignments and exertion (bending, twisting, and lifting over 20 pounds); refusing to transfer him; ignoring his sick call requests for relief from the heat; and hindering his access to his legal boxes.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Swells, Robertson, Lane, Morgan, Dr. Birch, George, Jeffreys, and Bayler for deliberate indifference to Plaintiff's physical/mental conditions as described in Count 1.**
>
> **Count 3:** **Fourteenth Amendment equal protection claim against Swells, Robertson, Lane, Morgan, Dr. Birch, George, Jeffreys, and Bayler for refusing to transfer Plaintiff to another prison when another similarly situated prisoner was granted a transfer in the**

---

[2] Plaintiff voluntarily dismissed Case Number 19-cv-1081-SMY in June 2020 after it became apparent that he had not exhausted his administrative remedies with respect to the single claim remaining in that action (for violation of the ADA/RA) before filing that suit. When Plaintiff filed the instant case, he requested an immediate stay while the matter of exhaustion was addressed in Case No. 19-1081. (Docs. 4, 8). The stay was lifted on September 21, 2020 (Doc. 14). Plaintiff's claims in Case No. 19-1081-SMY for denial of access to his legal property and to the law library were severed into *Gakuba v. Pannier, et al.*, Case No. 19-cv-1294-NJR, where one access-to-court claim is still pending.

|  |  |
|---|---|
|  | Summer of 2018 due to the risks he faced from the heat at Vienna. |
| Count 4: | Medical negligence and/or medical malpractice claim against Swells, Robertson, Lane, Morgan, Dr. Birch, George, Jeffreys, and Bayler for denying that Plaintiff suffered from any physical/mental disabilities and failing to treat his conditions, including requiring him to sleep on a steel slab causing back and neck pain and exposing him to harm from the heat. |
| Count 5: | Gross negligence/negligence claim against Swells, Robertson, Lane, Morgan, Dr. Birch, George, Jeffreys, and Bayler for failing to grant him a transfer to an air conditioned prison with a spring bed, destroying his foam bed pad, and placing his legal boxes where he could not lift or move them. |
| Count 6: | Intentional infliction of emotional distress claim against Swells, Robertson, Lane, Morgan, Dr. Birch, George, Jeffreys, and Bayler based on their deliberate indifference to his mental/physical conditions, malpractice, and negligence, which caused Plaintiff acute anxiety, PTSD, insomnia, and angst. |
| Count 7: | First and/or Fourteenth Amendment access to courts claim against Swells, Robertson, Lane, Morgan, Dr. Birch, George, Jeffreys, and Bayler for deliberately placing his legal boxes where he cannot lift them and limiting his access time, rendering him unable to represent himself in 13 pending cases and 3 pending appeals. |
| Count 8: | Claim against Swells, Robertson, Lane, Morgan, Dr. Birch, George, Jeffreys, and Bayler for conspiracy to violate Plaintiff's rights. |
| Count 9: | Fourteenth Amendment due process claim against Dr. Birch, Morgan,[3] and Tolbert for producing and filing false/fabricated declarations opposing Plaintiff's request for relief in *Gakuba v. Swells, et al.*, Case No. 19-cv-1081-SMY. |

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the

---

[3] Plaintiff names George in connection with this count (Doc. 1, p. 15), but it appears based on his factual allegations (*Id.*, p. 12-13) that Morgan, not George, made the allegedly false declaration.

Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

### Count 1

Pursuant to the Americans with Disabilities Act ("ADA"), "no qualified individual with a disability shall, because of that disability ... be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). Likewise, the Rehabilitation Act ("RA") prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. The analysis is the same under both statutes except that the RA includes as an additional requirement the receipt of federal funds, which all states accept for their prisons. *Jaros v. Illinois Department of Corrections*, 685 F.3d 667, 671 (7th Cir. 2012) (citing 29 U.S.C. § 705(2)(B)). Discrimination under both includes the failure to accommodate a disability. *Jaros*, 684 F.3d at 672 (citation omitted).

Plaintiff claims he is a qualified person with a disability due to his susceptibility to heat illness from periocular face nevus skin disease, his back injury and chronic pain/mobility restrictions, and autism/Asperger's. He alleges his confinement in a prison without air conditioning has caused him to have heat stroke/heat exhaustion, that he was refused medical permits to accommodate his his back condition, and that he does not have access to his legal materials because they are housed in a separate warehouse and are extremely heavy. These allegations are sufficient at this early stage to state a colorable ADA and/or RA claim.

While Plaintiff names a number of Defendants in connection with his ADA/RA claim, Defendant Rob Jeffreys, in his official capacity as the current Director of IDOC, is the only proper Defendant. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670, n.2 (individual capacity claims are not available for an ADA/RA claim; the proper defendant is the agency or its director (in his/her official capacity)). Accordingly, Plaintiff will be allowed to proceed on Count 1 against Rob Jeffreys in his official capacity only. The claim asserted in this count against the remaining Defendants (Swells, Robertson, Lane, Morgan, Dr. Birch, George, and Bayler) will be dismissed.

**Count 2**

Prison medical providers violate the Eight Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant was deliberately indifferent to his medical needs. *Id. See also Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference does not occur unless a medical provider fails to act to mitigate a known risk of harm from an objectively serious medical condition. A mistake, misdiagnosis, or even malpractice does not amount to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). The Eighth Amendment only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Plaintiff alleges that Penny George was aware of his medical conditions yet ignored his emergency sick call requests in late September and early October 2019 when he was suffering from the heat and had shortness of breath and congestion. If true, this could constitute deliberate

indifference. He further claims that Dr. Birch refused to transfer him to another prison, extend some of his medical permits, or to prescribe him a decongestant. (Doc. 1, pp. 10-11). Whether Dr. Birch was deliberately indifferent to Plaintiff's medical conditions is a closer question; she renewed some of his medical permits and stated in an affidavit that she found some of his requests not to be medically necessary. (*Id.*, pp. 59-64). However, Plaintiff's deliberate indifference claim against Dr. Birch is not subject to dismissal under § 1915A and may proceed.

Plaintiff includes Defendants Swells, Robertson, Lane, Morgan, Jeffreys, and Bayler in this claim, but sets forth no factual allegations to suggest that any of these individuals were personally involved or even aware of Plaintiff's medical conditions or what treatment he did or did not receive. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). *See also Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (there is no supervisory liability in a § 1983 action); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) (the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim"). Thus, to state a claim against a defendant, a plaintiff must describe what the named defendant did (or failed to do), that violated the plaintiff's constitutional rights. Plaintiff has failed to satisfy this requirement with respect to Defendants Swells, Robertson, Lane, Morgan, Jeffreys, and Bayler. Therefore, they will be dismissed from Count 2. The deliberate indifference claim in Count 2 will proceed only against Defendants George and Dr. Birch.

**Count 3**

Plaintiff alleges that Dr. Birch and/or George granted another inmate a transfer for medical

reasons (sensitivity to hot conditions from a burn injury) but Dr. Birch refused to transfer Plaintiff despite his heat sensitivity related to his periocular skin nevus.  The Fourteenth Amendment's Equal Protection Clause prohibits a state official from singling out a person for discriminatory treatment for no rational reason.  To state a "class-of-one" equal protection claim, an individual must allege that he was "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment."  *Swanson v. City of Chetek*, 719 F.3d 780, 783-84 (7th Cir. 2013) (quoting *Vill. of Willowbrook v. Olech,* 528 U.S. 562, 564 (2000)).  This is the gist of Plaintiff's claim against Dr. Birch for refusing to approve his transfer to a prison with air conditioning after he suffered heat-related symptoms in 2019.  Count 3 may therefore proceed for further consideration against Dr. Birch.  However, Defendants Swells, Robertson, Lane, Morgan, George, Jeffreys, and Bayler will be dismissed from Count 3, because the Complaint includes no facts indicating that these individuals were involved in the denial of Plaintiff's transfer request.

### Count 4

Plaintiff's state law medical negligence/malpractice claim against Dr. Birch and George may proceed under the Court's supplemental jurisdiction, as it rests on the same facts that support the deliberate indifference claim in Count 2.  *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008) (federal court has supplemental jurisdiction over related state law claims that "derive from a common nucleus of operative fact" with the original federal claims).

Defendants Swells, Robertson, Lane, Morgan, Jeffreys, and Bayler are dismissed from Count 4 because Plaintiff did not allege any facts to show that they took part in any decisions about his medical treatment.

**Count 5**

Plaintiff claims that the failure to transfer him to an air-conditioned prison with spring beds, the destruction of his foam bed pad, and the placement of his 40-pound legal boxes in a stack far from his cell and the law library amount to negligence or gross negligence. However, Plaintiff's statement of facts does not identify which Defendant(s) destroyed his foam bed pad. Likewise, he does not identify which Defendant(s) decided to store his legal boxes in such a way that he could not lift them, or which Defendant(s) limited his access to those boxes to the average of 30 minutes each week. For these reasons, those portions of the negligence claim will be dismissed without prejudice.

Plaintiff does assert in Count 3 that Dr. Birch made the decision to deny his transfer request. Therefore, this aspect of his state law negligence claim in Count 5 may proceed under the Court's supplementary jurisdiction. The remaining Defendants are dismissed from Count 5.

**Count 6**

Plaintiff attempts to bring claims for intentional infliction of emotional distress against Swells, Robertson, Lane, Morgan, Dr. Birch, George, Jeffreys, and Bayler. Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant(s) intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006); *see Lopez v. City of Chi.*, 464 F.3d 711, 720 (7th Cir. 2006). The tort has three components: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988).

Plaintiff's Complaint does not contain any factual allegations to satisfy these elements. It contains only the conclusory statement that Defendants' deliberate indifference, medical malpractice, and negligence caused Plaintiff emotional/mental distress. This is legally insufficient. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). As such, Count 6 will be dismissed for failure to state a claim upon which relief may be granted.

## Count 7

Plaintiff recasts his complaint over his limited access to his legal boxes as a First Amendment access-to-courts claim. Without elaboration, he states that he is unable to effectively represent himself in 13 cases and 3 appeals.

Plaintiff earlier attempted to bring an identical claim in Case No. 19-cv-1081-SMY under Count 10, which was severed into *Gakuba v. Wright, et al.*, Case No. 19-cv-1274-NJR. In that case, the Court dismissed Plaintiff's access-to-courts claim against Catherine Wright (designated as Count 2 in that case) for restricting his access to his legal boxes. (Doc. 17, p. 7, in No. 19-1274). The Court concluded that Plaintiff failed to state a cognizable claim because he did not make a "connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007) (to pursue court access claim, plaintiff must identify the underlying claim that was lost).

Plaintiff's claim here suffers from the same flaw. It is not sufficient to state in a conclusory fashion that he cannot effectively pursue his many cases. Plaintiff must go further and allege that he suffered actual detriment (not merely a delay) to a specific and meritorious case or claim, caused by Defendants' failure to provide him with access to his legal materials. *See Alston v. DeBruyn*,

11

13 F.3d 1036, 1041 (7th Cir. 1994); *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992) (prisoner must show actual substantial prejudice to specific litigation). Because Plaintiff has not done so, Count 7 will be dismissed without prejudice.

### Count 8

Plaintiff asserts in conclusory fashion that Defendants have conspired to violate his rights. (Doc. 1, p. 15). Allegations of a conspiracy are been held to a higher pleading standard than other allegations. *Geinosky v. City of Chicago*, 675 F.3d 743, 749 (7th Cir. 2012). Thus, mere conclusions and allegations suggesting there is only a suspicion of a conspiracy do not suffice. Plaintiff's Complaint simply states that the Defendants' "malfeasance was pursuant to a meeting-of-the-minds, in conjunction and conspiracy w[ith] one another, jointly and severally." (Doc. 1, p. 15). Because this is insufficient to plead a conspiracy claim, Count 8 will be dismissed without prejudice.

### Count 9

Plaintiff attempts to state a due process claim based on affidavits of Morgan and Dr. Birch, filed by Assistant Attorney General Tolbert in *Gakuba v. Swells, et al.*, Case No. 19-cv-1081-SMY. Plaintiff alleges the affidavits were false and included fabricated evidence. But Plaintiff does not articulate how the filing of these declarations violated his constitutional due process rights, and the Court can discern no such violation. In any event, there is no connection between the assertions in the affidavits and the claims raised in this case. Should the matters attested in these affidavits be raised in the instant case, the Court will determine their admissibility and validity at the appropriate time. The due process claim in Count 9 will be dismissed with prejudice.

### Injunctive Relief

Because the Complaint includes a request for injunctive relief (Doc. 1, p. 7), Terry

Grissom, the Warden of Vienna Correctional Center,[4] in his official capacity, will be added to the docket with regard to the request for injunctive relief. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### Official Capacity Claims

Plaintiff sues each Defendant in his or her individual and official capacities. (Doc. 1, pp. 1-3). As noted above, the ADA, RA, and injunctive relief claims are properly brought against Jeffreys and the Warden of Vienna Correctional Center in their official capacities. However, Plaintiff's claims for monetary damages may only be pursued against state officials in their individual capacities. *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987). Accordingly, the official capacity claims against the individual Defendants are dismissed without prejudice.

### Disposition

Portions of the Complaint (Doc. 1) survive preliminary review pursuant to 28 U.S.C. § 1915A and shall undergo further review as follows: **COUNT 1** will proceed against Jeffreys in his official capacity only as IDOC Director; **COUNT 2** proceeds against Dr. Birch and George; **COUNT 3** proceeds against Dr. Birch; **COUNT 4** proceeds against Dr. Birch and George; and the portion of **COUNT 5** for negligently denying a transfer proceeds against Dr. Birch only.

The following claims and Defendants are dismissed from the action: **COUNTS 6, 7,** and **8** are **DISMISSED** without prejudice; **COUNT 9** is **DISMISSED with prejudice**; Defendants Matthew Swells, Sarah Robertson, Sierra Lane, Michelle Morgan, and Travis Bayler are dismissed without prejudice; and Carla Tolbert is dismissed **with prejudice**. The Clerk of Court is

---

[4] Https://www2.illinois.gov/idoc/facilities/Pages/viennacorrectionalcenter.aspx.

**DIRECTED** to **TERMINATE** them from this action.

The Clerk of Court is **DIRECTED** to correct the name of Defendant Robert Jeffrys to **ROB JEFFREYS (Director, IDOC) (official capacity only)**, and is **FURTHER DIRECTED** to **ADD TERRY GRISSOM, Warden of Vienna Correctional Center (official capacity only)**, to the docket for purposes of Plaintiff's request for injunctive relief.

The Clerk of Court shall prepare for **ROB JEFFREYS** (official capacity only as IDOC Director), **KIMBERLY BIRCH, PENNY GEORGE,** and **TERRY GRISSOM** (official capacity only as Vienna Warden): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Plaintiff.  If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g).  **Pursuant**

to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. § 1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: March 1, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**