IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, #M52946, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-00277-SMY |
| | ) |
| KIMBERLY BIRCH, | ) |
| PENNY GEORGE, | ) |
| ROB JEFFREYS, | ) |
| and TERRY GRISSOM, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Peter Gakuba, an inmate of the Illinois Department of Corrections currently incarcerated at Vienna Correctional Center ("Vienna"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. This case is now before the Court on Plaintiff's Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction. (Doc. 29). Plaintiff seeks an order: (1) restoring his Excedrin prescription to 30 per month; (2) cessation of all retaliatory actions including comprehensive room searches, house-to-house transfers, and prison-to-prison transfers; and (3) cessation of "D.O.T." and "mandatory med line" for over the counter medications.

### Background

Plaintiff makes the following allegations in the Complaint: He has autism/Asperger's syndrome, is susceptible to heat stroke/heat exhaustion, has periocular skin nevus which affects his face and eyes and makes him sensitive to sun and heat, has a seafood allergy, and suffered a serious back injury resulting in chronic back pain and mobility restrictions. These conditions are

1

well documented in his prison medical records going back to July 2015.

Plaintiff suffered heat stroke/exhaustion and chest pains on September 10, 2019 after he was ordered to carry a 140-pound load up 2 flights of stairs in 95-degree heat. He was brought to the air-conditioned infirmary where an EKG confirmed he had not suffered a heart attack. After 24 hours in the air-conditioned area, he was returned to the "broiling heat" of his cell.

From September 12, 2019 to October 3, 2019, Plaintiff submitted at least 9 emergency sick call requests seeking relief from the heat and from shortness of breath and congestion related to respiratory allergies. Penny George (Director of Vienna's Health Care Unit) was aware of Plaintiff's medical conditions yet deliberately ignored his sick call requests.

Dr. Kimberly Birch met with Plaintiff on October 4, 2019 and refused to approve his request to transfer to a prison that had air conditioning because the weather had cooled. In Summer 2018, Dr. Birch or George had approved a transfer for another prisoner with heat sensitivity. Dr. Birch refused to prescribe Plaintiff a decongestant because of the risk of high blood pressure, despite the fact that Plaintiff has low blood pressure.

Plaintiff had been given a permanent medical permit for a bottom bunk, an extra foam pad for his mattress, mobility and lifting restrictions, job exemption, and pain treatment in 2016. These permits were honored at two previous prisons. Dr. Birch disagreed with the permits, but extended Plaintiff's bottom bunk and medical exemption from work for a year. Dr. Birch did nothing about Plaintiff's "wafer-thin 'mattress'" other than offering him more potent pain medication. This thin mattress is atop a steel slab and this sleeping arrangement causes back and neck pain because of Plaintiff's prior injury.

Plaintiff has voluminous legal documents related to his efforts to overturn his convictions dating back to 2015. These were stored in 14 boxes weighing 40 pounds each, but many

documents were lost or destroyed when Plaintiff was transferred to Vienna in 2019. The remaining boxes are kept in the Vienna property building 2 blocks away from Plaintiff's cell. Plaintiff cannot lift or carry these boxes due to his back condition, and is only able to access them once per week for up to 30 minutes. Vienna officials (unidentified) will not allow him to sort and reorganize the remaining documents.

After preliminary review of the Complaint, Plaintiff was allowed to proceed on the following claims:

Count 1: ADA and RA claim against Jeffreys for ignoring Plaintiff's physical/mental disabilities by denying him permanent medical permits for bottom bunk and relief from job assignments and exertion (bending, twisting, and lifting over 20 pounds); refusing to transfer him; ignoring his sick call requests for relief from the heat; and hindering his access to his legal boxes.

Count 2: Eighth Amendment deliberate indifference claim against Dr. Birch and George for deliberate indifference to Plaintiff's physical/mental conditions as described in Count 1.

Count 3: Fourteenth Amendment equal protection claim against Dr. Birch for refusing to transfer Plaintiff to another prison when another similarly situated prisoner was granted a transfer in the Summer of 2018 due to the risks he faced from the heat at Vienna.

Count 4: Medical negligence and/or medical malpractice claim against Dr. Birch and George for denying that Plaintiff suffered from any physical/mental disabilities and failing to treat his conditions, including requiring him to sleep on a steel slab causing back and neck pain and exposing him to harm from the heat.

Count 5: Gross negligence/negligence claim against Dr. Birch for failing to grant him a transfer to an air-conditioned prison.

**Motion for TRO and Preliminary Injunction (Doc. 29)**

Plaintiff makes the following allegations in the Motion: Plaintiff has a history of migraines dating back to July 2015. He had been given 30 Excedrin pills per month, which seemed to improve matters. Nurse Practitioner Stevens reduced the prescription to 24 per month in July

3

2020.  Plaintiff saw Nurse Practitioner Stevens on March 18, 2021 about his migraines.  She refused to refill his Excedrin prescription in retaliation for him filing this lawsuit and several grievances against her and her friend and former co-worker Birch.

Plaintiff complained to Stevens that 2 antihistamines – Zyrtec and Singular – were ineffective in controlling the symptoms of his chronic respiratory ailments.  He told her he had taken up to 3 Zyrtec a day.  Based on what she termed a misuse of the Zyrtec, Stevens falsely accused Plaintiff of hoarding medications and ordered a comprehensive prison cell search which yielded nothing.  Thereafter, Stevens ordered Plaintiff's medications to be "direct observation taken" (D.O.T.) during mandatory med lines at 8:00 a.m. and 7:00 p.m.  This interferes with Plaintiff's 1-3 times per week access to his legal documents, which is from 8:00-10:00 a.m.  Because Plaintiff does not need these medications on a scheduled time but must choose to either take the medication when not needed or not at all.  He is the only prisoner mandated to take OTC "as needed" meds D.O.T. at mandatory med line.

Plaintiff was moved from 4c-246 to 6c-176 and is now ordered to mandatory med line at 7:00 a.m. and 7:00 p.m. and compelled to take Zyrtec (which does not work) and Tums (which should be taken before and after meals not at 7:00 a.m./p.m.).  These meds are available for purchase at the prison store but due to indigency, he cannot purchase them.

Plaintiff wrote to Warden Grissom on March 22, 2021 notifying him of the foregoing and that he would be seeking court ordered relief as of March 29, 2021 if the situation was not rectified.  He told Stevens about this letter and she told him to stop threatening her and no one would make her change her mind.  He filed grievances on March 19, 23 and 28, 2021, but states the grievance process cannot help him because his projected parole date is April 27, 2021.

4

**Discussion**

Under Federal Rule of Civil Procedure 65(b)(1)(A), a Court may issue a TRO only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that a plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal citation omitted)). A party seeking a preliminary injunction must make a threshold showing that: "(1) absent preliminary injunctive relief, he will suffer irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits." *Tully v. Okeson*, 977 F.3d 608, 612-13 (7th Cir. 2020). If the movant makes this threshold showing, the court must then consider the balance of harms between the parties and the effect of granting or denying a preliminary injunction on the "public interest." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Mandatory preliminary injunctions—those "requiring an affirmative act by the defendant"—are "ordinarily cautiously viewed and sparingly issued." *Id.* And, pursuant to the Prison Litigation Reform Act, a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Injunctive relief, whether a temporary restraining order or preliminary injunction, is appropriate only if it addresses a matter presented in the underlying suit and seeks relief of the same character sought in the underlying suit. *See Daniels v. Dumsdorff*, No. 19-cv-394-NJR, 2019 WL 3322344, at *1 (S.D. Ill. July 24, 2019); *Hallows v. Madison County Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted); *see also Devose v.*

5

*Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Nurse Practitioner Stevens is not a defendant in this lawsuit and the allegations in the motion are unrelated to the claims in this lawsuit. Plaintiff's request for injunctive relief is not of the same character as the relief sought in this case, and is therefore improper. The motion is therefore **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 2, 2021**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**