IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PETER GAKUBA, #M52946 ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:20-cv-00277-SMY |
| ) | |
| MATTHEW SWELLS , et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

**YANDLE, District Judge**:

Plaintiff Peter Gakuba filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Vienna Correctional Center. This case is now before the Court on Gakuba's Motion for Recusal (Doc. 91), Third Motion for Leave – Subpoenas and Motion for Clarification (Doc. 92), and Renewed Motion for Recruitment of Counsel (Doc. 93).

### Motion for Recusal

Once again, Plaintiff alleges that the undersigned is biased against him, but his only support for the allegation are rulings against him in this and other cases. As Plaintiff has been previously advised, dissatisfaction with a judge's rulings is not a basis for recusal. *Marozsan v. United States,* 90 F.3d 1284, 1290 (7th Cir.1996) (the mere fact that the judge ruled against a litigant on several issues held to be insufficient to show impermissible prejudice). And bias cannot be inferred merely from rulings by a judge. *Keith v. Barnhart*, 473 F.3d 782, 789 (7th Cir. 2007). Further, Plaintiff's suggestion that the undersigned's sanctions warning is evidence of bias is without merit. Accordingly, the motion will be denied.

### Third Motion for Leave – Subpoenas and Motion for Clarification

Following preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, he

1

was allowed to proceed on the following claims:

> Count 1: ADA and RA claim against Jeffreys for ignoring Gakuba's physical/mental disabilities by denying him permanent medical permits for bottom bunk and relief from job assignments and exertion (bending, twisting, and lifting over 20 pounds); refusing to transfer him; ignoring his sick call requests for relief from the heat; and hindering his access to his legal boxes.
>
> Count 2: Eighth Amendment deliberate indifference claim against Dr. Birch and George for deliberate indifference to Gakuba's physical/mental conditions as described in Count 1.
>
> Count 3: Fourteenth Amendment equal protection claim against Dr. Birch for refusing to transfer Gakuba to another prison when another similarly situated prisoner was granted a transfer in the Summer of 2018 due to the risks he faced from the heat at Vienna.
>
> Count 4: Medical negligence and/or medical malpractice claim against Dr. Birch and George for denying that Gakuba suffered from any physical/mental disabilities and failing to treat his conditions, including requiring him to sleep on a steel slab causing back and neck pain and exposing him to harm from the heat.
>
> Count 5: Gross negligence/negligence claim against Dr. Birch for failing to grant him a transfer to an air-conditioned prison.

(Doc. 18).

Plaintiff now seeks the issuance of a subpoena to "Catherine Wright property manager / John Barwick, Warden at the IDOC's Vienna, IL prison" for the production of "[t]he 18 box of legal documents, records, notes, memoranda held hostage (maliciously) by the IDOC defendants." Gakuba lists the place of production as a law office in Baltimore, Maryland. (Docs. 92, 92-1.). The legal boxes include 12 years of documents Gakuba compiled while incarcerated. (Docs. 91, 92).

*Pro se* litigants must have their subpoenas issued through the Clerk of Court. Fed. R. Civ. P. 45(a)(3). Under Rule 45, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the

2

subpoena." Here, Plaintiff seeks to subpoena documents from non-parties without a showing that the documents are relevant and limited in time and scope to the claims in this case. Moreover, his subpoena request is clearly overbroad and seeks information that is irrelevant and immaterial.

Plaintiff has also failed to demonstrate that he cannot obtain the documents through the normal discovery process or, in this instance, by merely choosing one of the alternatives he has been offered by IDOC to obtain the legal boxes. *See Gakuba v. Wright et al.,* SDIL case no. 3:22-cv-00668-NJR, Docs. 3, 13. He is currently in litigation over the 18 boxes of legal documents that he seeks. *Id.* In that case, Chief Judge Rosenstengel noted that "[Gakuba] has been provided with various options by IDOC to obtain his documents. He acknowledges that IDOC attorneys have indicated that they are willing to work with him to obtain his documents." *Id.* at Doc. 13, p. 11. It appears then that it is Plaintiff's hubris, and not IDOC, that is preventing him from obtaining what he seeks. *Id.* at Docs. 3, 13. The motion for subpoena and clarification will be denied

### Motion for Recruitment of Counsel

Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A district court considering an indigent plaintiff's request for counsel must first consider whether the plaintiff has made reasonable attempts to secure counsel on his own or been effectively precluded from doing so; and, if so, whether the difficulty of the case factually and legally exceeds his capacity as a layperson to present it. *Id.* at 654-655.

Gakuba asserts he is unable to provide information on his efforts to obtain counsel because his legal documents are still in the possession of IDOC following his release from custody. The Court notes that he did not provide proof of any efforts to obtain counsel with the motion for recruitment of counsel he filed on March 16, 2020 (Doc. 3). However, it does appear that he submitted proof of his efforts to obtain counsel in SDIL case no. 3:19-cv-1081-SMY (Docs. at 60,

68), which included the same claims as the instant lawsuit, but was dismissed by Gakuba. The Court will accept this as proof of reasonable attempts to secure counsel. As to whether the difficulty of this case factually and legally exceeds Plaintiff's capacity as a layperson to present it, courts generally consider the litigant's "literacy, communication skills, education level, and litigation experience in light of the complexities of the case." *Pruitt*, 503 F.3d at 655.

Plaintiff is an experienced litigator having filed twelve lawsuits in this district since 2015 and a number of cases in other jurisdictions.[1] He is a college graduate (Doc. 3, p. 2) and has informed the Court that he was accepted to John Hopkins at 13 and Stanford at 15 and is fluent in three languages (Doc. 88, p. 5). He has shown himself at every phase of this litigation to be capable of comprehending and navigating the litigation process. He has demonstrated not only his understanding of the factual and legal issues in his case, but also an ability to convey his positions and advocate on his own behalf. The claims in this case are not so novel or complex that he cannot litigate them himself. The motion will be denied.

## Sanctions Warning

Plaintiff was previously advised that he "must exhibit proper decorum, respect, and civility in his filings" and that "moving forward, should Gakuba file pleadings with irrelevant, inflammatory, insulting, and inappropriate commentary and/or raise frivolous issues, he will be subject to sanctions, up to and including monetary sanctions and a filing ban." (Doc. 89, p. 4). Despite this warning, he continues to reference matters irrelevant to the claims asserted in this case, including his alleged wrongful conviction, and continues to proclaim his disdain for a "malfunctional justice system." Plaintiff also continues to lob personal attacks at the undersigned.

---

[1] A Westlaw search of "Peter Gakuba' results in 53 listings. Additionally, in a recently filed lawsuit in this district, Gakuba states he has *pro se* e-filing privileges in USCA2, USCA3, USCA4, USCA9, USDC-WD WA, USDC-ED CA, and USDC-D OR. *See* SDIL case no. 3:22-cv-00843, Doc. 3.

Abusive language directed to the Court is an attack on the integrity of the judiciary. While Plaintiff has a right to his personal opinion about the justice system, he must exhibit proper decorum, respect, and civility in his filings. His refusal to focus only on the relevant issues and claims in this lawsuit continues to interfere with the orderly administration of justice by diverting scarce judicial resources. Because Plaintiff claims confusion as to the basis for the prior warning, the Court will give him a final warning.

Accordingly, Plaintiff is **ORDERED** to refrain from filing any more pleadings containing gratuitous language that is insulting toward the court, other parties, or others, and is **WARNED** in the future, any such filings will be **STRICKEN** and returned to him. He is further **WARNED** that if he continues to repeat and reassert arguments that the Court has advised him are not relevant to the issues and claims in this lawsuit, he will face sanctions that include, but are not limited to, a monetary fine and/or a filing restriction.

For the foregoing reasons, Gakuba's Motion for Recusal (Doc. 91), Third Motion for Leave – Subpoena and Motion for Clarification (Doc. 92), and Renewed Motion for Recruitment of Counsel (Doc. 93) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:  May 5, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**